THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ERIC BUTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUGARHOUSE REAL ESTATE GROUP, L.C., a Utah company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25CV00014 DAK-DAO<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Sugarhouse Real Estate Group, L.C.'s (aka Keller Williams or "KW") Motion to Dismiss. The court held oral argument on June 5, 2025. At the hearing, KW was represented by Walter A. Romney and Nickolas C. Sessions. Plaintiff Eric Butera was represented by Matthew J. Morrison. At the conclusion of the hearing, the court took the matter under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order granting KW's Motion to Dismiss.

BACKGROUND

This case is about receiving unsolicited phone calls from real estate agents and whether the calls at issue violate the Telephone Consumer Protection Act ("TCPA"). Mr. Butera alleges that there's "a disturbing trend," whereby real estate brokerages train real estate agents to cold call consumers without consent, and he has brought the instant proposed Class Action Complaint against KW. Mr. Butera seeks to stop KW from training its agents to place

1

telemarketing calls to consumers without consent, including calls to phone numbers that are registered on the National Do Not Call registry ("DNC").

Mr. Butera registered his cell phone number on the DNC on June 6, 2015.[1] He had listed a property for sale in 2020 through a brokerage that is not affiliated with KW. The listing for the property expired, and Mr. Butera decided not to relist it. Since the property listing expired, Mr. Butera has received many unsolicited calls and text messages from real estate agents, despite the fact that his cell phone number is registered on the DNC.

On November 26, 2024, at 1:46 PM, Mr. Butera received an unsolicited call to his cell phone from 801-410-0097. He did not answer the call. Mr. Butera called that number back on November 26, 2024, at 2:54 PM, but the call was not answered. Instead, there was a voicemail recording, stating that the caller had reached "Dave from the Utah Roost team at Keller Williams Salt Lake City." Mr. Butera did not leave a message or communicate with "Dave from the Utah Roost team at Keller Williams Salt Lake City."

The next morning, at 10:28 AM, Mr. Butera received another call to his cell phone from 801-410-0097. When he answered this call, the real estate agent immediately began a solicitation for Mr. Butera to relist his expired property listing. Mr. Butera told the agent that his cell phone number is registered on the DNC and asked not to be called again. The call then ended.

Mr. Butera argues that the unauthorized solicitation telephone calls that he received from or on behalf of KW have harmed him in the form of annoyance, nuisance, and invasion of privacy, occupying his phone line, and disturbing the use and enjoyment of his phone. Given the

---

[1] The court accepts the well-pleaded allegations of the complaint, which the court must do at this juncture.

2

repeated calls Plaintiff has received from other real estate agents, and the solicitous nature of the second call he received from KW, Mr. Butera alleges that the purpose of the first call he received but did not answer was also an attempt by KW to sell its services to him.

KW argues, however, that Mr. Butera's claim fails as a matter of law because, based on the allegations of the Amended Complaint, KW did not initiate more than one telephone solicitation, and therefore did not violate the TCPA. KW maintains that it initiated one phone call on November 26, 2024, and simply placed a return phone call to Mr. Butera on November 27, 2024, in direct response to Mr. Butera's call to that phone number. KW thus disagrees with Mr. Butera's characterization of KW's return call as a "second unsolicited call." KW argues that by calling the unknown number, Mr. Butera induced KW's return call. As a result, KW argues, Mr. Butera has failed to state a claim under the specific requirements of the TCPA, and his complaint must therefore be dismissed.

## DISCUSSION

The TCPA states that:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

47 U.S.C. § 227(c)(5).

In addition, 47 C.F.R. § 64.1200(c), acting as the TCPA's implementing regulation, states that "[n]o person or entity shall initiate any telephone solicitation to: . . . (2) A residential

telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . but such term does not include a call or message (A) to any person with that person's prior express invitation or permission . . . ." 47 U.S.C. § 227(a)(4).

      KW argues that Mr. Butera has failed to allege any facts that show KW's first call was a "telephone solicitation" as defined by the statute. On a motion to dismiss, however, the court must view the facts in the light most favorable to the plaintiff and draw reasonable inferences in plaintiff's favor, and the court concludes that given the circumstances present in this particular case, it's reasonable to infer for purposes of the instant motion to dismiss that the first call was a telephone solicitation.

      But even assuming that the first call was a telephone solicitation, the crux of this lawsuit is whether KW's return call—after Mr. Butera called that phone number—was a telephone solicitation as defined by the TCPA. While Mr. Butera contends that it was a second unsolicited call, which violates the TCPA, KW argues that the second call was placed in direct response to Mr. Butera's attempt to contact KW. The court finds that the return call from KW was made in response to Mr. Butera's own call and was not an "unsolicited" attempt to encourage the purchase or rental of goods or services. It is common in this day and age for a person to return a "missed call" that is displayed on their phone, and thus, the court concludes that Mr. Butera's call to KW—without leaving a voicemail message—was an invitation for a return call. Thus, it

cannot be considered a second "solicitation" under 47 U.S.C. § 227(c)(5). Had Mr. Butera left a voicemail message indicating that he was calling to find out who had called him and that he was on the DNC registry and did not want to be contacted again, the case would be different.

But in the present situation, Mr. Butera's argument, taken to its logical extreme, would permit individuals who are registered on the DNC list to make return calls to businesses like KW that had perhaps made one unsolicited phone call, thereby eliciting a return call, and then alleging a violation of the TCPA. This manufactured liability is not the purpose of the TCPA. Undoubtedly, there are few—if any—individuals who are not annoyed by unsolicited sales calls, but the TCPA requires two unsolicited phone calls before a violation of the statute occurs. Here, the court cannot conclude that the second call was unsolicited, and therefore, Mr. Butera's claim must be dismissed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that KW's Motion to Dismiss [ECF No. 14] is GRANTED, and Mr. Butera's action is DISMISSED with prejudice. Judgment will be entered accordingly.

DATED this 30th day of June 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge